UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HOWARD COHAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GULF COAST COMMERCIAL CORPORATION,<br><br>　　　　Defendant. | Case No. 2:14-cv-223-FtM-29DNF |

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, Gulf Coast Commercial Corporation, answers the Complaint filed by Plaintiff, Howard Cohan ("Cohan"), as follows:

**JURISDICTION AND VENUE**

1.　Defendant admits that the Court has jurisdiction over this action. The remaining allegations contained in the paragraph are denied.

2.　Defendant admits that venue is proper in the Fort Myers Division of the United States District Court for the Middle District of Florida.

**PARTIES**

3.　Without knowledge and, therefore, denied.

4.　Defendant admits that it is the owner of the Premises and the improvements located on the Premises. The remaining allegations contained in the paragraph are denied.

5. Admitted.

6. Without knowledge and, therefore, denied.

7. Without knowledge and, therefore, denied.

8. Without knowledge and, therefore, denied.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. Defendant adopts its responses to paragraphs 1-8, above.

10. Admitted.

11. Neither admitted nor denied as the alleged findings of Congress related to the Americans with Disabilities Act ("ADA") are contained within the ADA.

12. Neither admitted nor denied as the alleged purposes of the ADA are contained within the ADA.

13. Defendant admits that it is a public accommodation for purposes of the ADA.

14. Denied.

15. Without knowledge and, therefore, denied.

16. Without knowledge and, therefore, denied.

17. Admitted.

18. Denied.

19. Defendant denies that it has committed the violations identified in paragraph 18 of the Complaint.

20. Without knowledge and, therefore, denied.

21. Denied.

22. Defendant denies that it has failed to make the Premises accessible in accordance with the provisions of the ADA.

23. Without knowledge and, therefore, denied.

24. Denied.

25. Without knowledge and, therefore, denied.

26. Defendant admits that the Court has authority under the ADA to provide injunctive relief, but Defendant denies that injunctive relief is appropriate or warranted in this instance.

27. All allegations not specifically addressed above are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent the barrier removals or remedies requested are not readily achievable, as that term is defined in the Americans with Disabilities Act, Defendant is not required to undertake them.

## REQUEST FOR ATTORNEY'S FEES

Defendant requests an award of its attorney's fees incurred in defending against Plaintiff's claims under the provisions of the ADA. 42 U.S.C. § 12205.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in favor of Defendant finding that Defendant has no liability to Plaintiff and awarding Defendant its costs, attorney's fees and such other relief as the Court deems proper.

CHEFFY PASSIDOMO, P.A.

/s/ Andrew H. Reiss
Andrew H. Reiss – Trial Counsel
Florida Bar No. 116955
E-mail: ahreiss@napleslaw.com
821 Fifth Avenue South
Naples, Florida  34102
(239) 261-9300 – Telephone
(239) 261-9782 – Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Jason Weiss, Esq. of the Law Offices of Weiss Law Group, P.A.

/s/ Andrew H. Reiss
Andrew H. Reiss

99-0008-8